W. G. Toan, The Catholic Bishop of Chicago, et al., v. P. A. Russell.

Gen. No. 10,894.

1. VARIANCE—*what not.* Where a petition for a mechanic's lien alleges that the contract upon which the claim for lien is sought, was made " on or about August 1, 1901," and the proof shows that it was entered into June 15, 1901, there is no variance.

2. CONTRACT—*when contention that lien claimant has not performed his work in accordance with, will not be sustained.* Where a subcontractor has constructed window frames for a building and the construction thereof has been approved by the owner thereof and the same have been made a part of the building, without objection upon the part either of such owner or his architect, such owner cannot thereafter claim that they were not constructed according to drawings which such subcontractor had never seen.

Mechanic's lien proceeding. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed January 19, 1904. Rehearing denied February 13, 1904.

AMZI W. STRONG, RICHARD A. STEEN and EDWARD A. FEEHAN, for appellants.

ELMER H. ADAMS, for appellee.

Statement by the Court. This is an appeal from a decree awarding a mechanic's lien to appellee as subcontractor under appellant Toan who had the contract from appellant, The Catholic Bishop of Chicago, for the carpenter work on a church erected for the latter at Riverside, Illinois.

On or about April 22, 1901, Toan submitted to appellee the plans and specifications under the contract that he then expected to make with the bishop and obtained from him a proposition in writing of that date to the effect that appellee would " furnish the millwork " on the church building " as per the plans and specifications, for the sum of $715." On June 15, 1901, Toan and appellee entered into an oral agreement whereby appellee was to furnish the

millwork (door and window frames) in " from six to eight weeks" for $710.20 and he was to be paid "as the work progressed." A part of the frames were delivered and put into the building without objection or complaint. Subsequently they were rejected by the architect of the bishop and taken out of the building on the ground that they did not correspond to the plans and specifications. The decree is for the value of these frames.

MR. JUSTICE STEIN delivered the opinion of the court.

First. The petition alleges that the contract between appellee and Toan was made " on or about August 1, 1901," whereas the proof is that it was entered into June 15, 1901. This is claimed to be a variance. In view of the use of the words " on or about" we do not think it is one.

Second. Nor do we deem the contention well taken that appellee did not do the work in accordance with his contract. He was repeatedly told by Toan, as the master finds, that there would be no detailed drawings for the frames and that while following the plans and specifications he must be governed by his own judgment in the preparation of the frames. He caused drawings to be made and from time to time submitted them and the frames to Toan and one Jordan who was employed as superintendent upon the building by the bishop's architect. Neither of them made any objection at the time but permitted the frames to become a part of the building, and indeed they expressly approved the manner of their construction as shown by the drawings. The details prepared by the architect were never shown to appellee, and he cannot be held for a failure to build the frames in accordance with drawings which he never saw.

The decree of the Superior Court is affirmed.

*Affirmed.*

Upon petition for rehearing.

PER CURIAM: The petition alleges " that the vital points at issue herein, relating to the sufficiency of the contracts between the subcontractor, Russell, and Toan, contractor,

and the Catholic Bishop of Chicago, owner, to entitle appellee to any lien whatever, have not been passed upon by this court." So far as the subcontract is concerned this is a misapprehension. In the statement preceding the opinion, the court finds the subcontract, "an oral agreement," was entered into and sets out the terms thereof.

The court did not pass upon the sufficiency of the contract between the owner and Toan for the following reasons: The contract is not in the abstract. It is not in the record. No such error was assigned, or argued in the briefs.

*Petition denied.*